Olga Elia **ZAMBRANO–BARAJAS**, Petitioner,

v.

Alberto R. **GONZALES**, Attorney General, **Respondent.**

Nos. 05–71714, 04–74926.

United States Court of Appeals, Ninth Circuit.

Submitted July 24, 2006.*

Decided Aug. 7, 2006.

Charles E. Nichol, Esq., Law Office of Charles E. Nichol, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of The District Counsel, Department of Homeland Security, San Francisco, CA, John D. Williams, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

MEMORANDUM **

Olga Elia Zambrano Barajas, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order denying her motion to reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen. *See Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir.2003). We grant the petition for review and remand for further proceedings.

In its order denying the motion to reopen, the BIA concluded "[t]he surgeries that [Zambrano Barajas] has had do not establish prima facie eligibility for relief. There is no indication that [she] is not cured of the disease or that she is suffering. She has failed to show that the children will suffer exceptional hardship as a result of her surgery." The BIA acted arbitrarily by failing to consider the effect of petitioner's cancer, rather than her surgeries, on her United States citizen children. *See Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir.2005) (BIA abuses discretion when it acts "arbitrarily, irrationally, or contrary to law"). The BIA's conclusion that petitioner failed to establish the requisite degree of hardship appears to be premised on its misapprehension of the nature of the proffered evidence. *See id.* at 793 ("the BIA is obligated to consider and address in its entirety the evidence submitted by

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

a petitioner"). We therefore remand for the BIA to reassess the evidence and determine whether, when properly viewed, petitioner's motion to reopen should be granted.

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.